UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Rutgers, The State University,<br><br>    Plaintiff,<br><br>vs.<br><br>BioArray Solutions, Ltd., et al.,<br>Immucor, Inc. and Michael Seul<br><br>    Defendants | Civil Action No._____<br><br>**REDACTED** |

**NOTICE OF REMOVAL FROM STATE COURT**

Pursuant to 28 U.S.C. §§ 1331, 1338, 1441, 1446 and 1454, defendants Immucor, Inc., BioArray Solutions, Ltd. and Michael Seul hereby give notice of removal of Civil Action No. L-4747-14 from the Superior Court Law Division for Middlesex County, New Jersey, to the United States District Court for the District of New Jersey. In support of this notice, defendants state as follows:

**A.    BACKGROUND**

1.    On or about August 4, 2014, plaintiff Rutgers, The State University, commenced Civil Action No. L-4747-14 in the Superior Court Law Division for Middlesex County, New Jersey. A true and accurate copy of plaintiff's complaint is attached as Exhibit A.

2.    On or about October 14, 2014 plaintiff filed a First Amended Complaint, a true and accurate copy of which is attached as Exhibit B.

3.    On or about January 8, 2015 defendants BioArray Solutions and Immucor filed an Answer to plaintiff's First Amended Complaint, a true and accurate copy of which is attached as Exhibit C.

4. On or about January 12, 2015 defendant Michael Seul filed an Answer to plaintiff's First Amended Complaint, a true and accurate copy of which is attached as <u>Exhibit D.</u>

5. On or about January 20, 2016 plaintiff filed a Second Amended Complaint, a true and accurate copy of which is attached as <u>Exhibit E</u>.

6. On or about February 3, 2016 defendant Michael Seul filed an Answer to plaintiff's Second Amended Complaint, a true and accurate copy of which is attached as <u>Exhibit F.</u>

7. On or about February 9, 2016 defendants BioArray Solutions and Immucor filed an Answer to plaintiff's Second Amended Complaint, a true and accurate copy of which is attached as <u>Exhibit G.</u>

8. The case has proceeded to discovery. In particular, the parties have exchanged documents and are presently in the midst of depositions of both fact and corporate witnesses.

9. Until just recently, this case was pled as state law action involving certain patent rights and certain aspects of patent prosecution, but alleging breach of contract, fraud, and unjust enrichment. The claims all arise out of two virtually identical patent license agreements (one signed in 1999 and the second signed in 2007) between plaintiff and defendants BioArray and Seul. *See, e.g.*, Sec. Amend. Compl. ¶¶ 36-55. (BioArray was merged into and became a subsidiary of Immucor in 2008.) In those license agreements, Rutgers licensed its one-half ownership interest in a particular patent family to BioArray (which owned the other one-half interest in this patent family). In particular, the agreements licensed a set of "patent rights" which were expressly limited to U.S. Patent No. 7,083,914 ("the '914 patent") and any family members of the '914 patent (i.e., any continuation or divisional patents resulting from the '914 patent parent application and sharing that same priority date). *See id.* Exs. A, B.

10. Rutgers initially asserted claims that certain of BioArray's products practice the claims of the '914 patent and therefore a royalty was due under the License Agreements. Rutgers also asserted that in the patent prosecution leading to the issuance of the '914 patent BioArray fraudulently amended the claims such that its then nascent products, when fully developed, would not practice the patent.

11. The '914 patent and its family are jointly owned by plaintiff and defendant BioArray, and list as co-inventors Dr. Richard Ebright (of Rutgers) and Dr. Michael Seul (founder and formerly CEO of BioArray). The two co-inventors assigned their rights in the patents to their respective employers.

12. On June 20, 2016, the state court case took a dramatic turn. During the deposition of one of defendants' witnesses, counsel for plaintiff, in explaining why certain lines of her inquiry were relevant, unequivocally stated that their claims in the case now include claims for correction of inventorship on least three new and different U.S. patents – No. 6,797,524 ("the '524 patent"), No. 7,291,504 ("the ''504 patent"), and No. 7,427,512 ("the '512 patent"). These patents are collectively referred to as the "LEAPS patents."

13. The LEAPS patents were filed with the U.S. Patent and Trademark Office more than a year before the '914 patent priority date, and months before Drs. Seul and Ebright would eventually meet. Dr. Seul is the sole inventor of the LEAPS patents and BioArray is the sole assignee of those patents. Plaintiff's counsel stated that Rutgers is seeking a correction of inventorship of the LEAPS patents in this case by adding Dr. Ebright as an inventor. The crux of plaintiff's new argument is that BioArray inserted certain claims into the LEAPS patents that were purportedly conceived by Dr. Ebright in his work with Dr. Seul. This was the first notice that plaintiff provided to defendants of their intention to seek this exclusively federal relief.

Plaintiff's counsel also asserted that the validity of the LEAPS patents would be at issue, given the inventorship dispute.

14. Neither Dr. Ebright nor any other Rutgers employee is listed as an inventor of the LEAPS patents, and Rutgers has no ownership interest in them. The LEAPS patents have never been referenced in any of the complaints filed in this action.

15. During the June 20 deposition, counsel for plaintiff stated as follows:

[REDACTED]

Dep. of Eric Mirabel at 467.[1]

16. Confused by these new allegations, counsel for defendants sought clarification, and the following colloquy transpired:

[REDACTED]

Id. at 468:14 - 470:3. A true and accurate copy of the relevant pages from the Mirabel Transcript are attached as Exhibit H.

17. Plaintiff's counsel also stated that although there had been no such claim formally asserted in any of the complaints filed in the action, plaintiff did not need to amend the Second Amended Complaint because the claims and allegations to date [REDACTED]. Id. at 471:9-14.

18. By virtue of their counsel's testimony on the record, plaintiff gave notice that their claims now include, and that they have converted this action into one directly asserting, distinctly federal questions of patent inventorship and validity.

19. The very next day, and confirming the scope of the new claims in the case, Rutgers served a Second Notice of Deposition of Immucor and a Second Notice of Deposition of

---

[1] Because this deposition transcript is subject to a confidentiality agreement, the contents of the transcript have been redacted from the copy of this Notice and Exhibit H being filed on the public docket. A motion to seal the unredacted Notice and Exhibit H is forthcoming.

BioArray designating numerous new topics concerning the prosecution and scope of the claims in the LEAPS patents, the comparison of claims between the LEAPS patents and the '914 patent family, and valuation of the LEAPS patents. True and accurate copies of these Notices of Deposition are attached as Exhibits I and J.

## B. GROUNDS FOR AND TIMING OF REMOVAL

20. Both this Court's subject matter jurisdiction and defendants' basis for removal are grounded upon federal patent law. *See* 28 U.S.C. §§ 1331, 1338(a), 1454; *see also Gunn v. Minton*, 133 S. Ct. 1059, 1062 (2013) ("Federal courts have exclusive jurisdiction over cases arising under any Act of Congress relating to patents." (internal quotations omitted)).

21. 28 U.S.C. § 1441 establishes when an action commenced in state court is removable, providing in relevant part that:

> [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

22. A federal court also has original jurisdiction over a state law claim "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065.

23. 28 U.S.C. § 1446 further delineates what procedure is to be followed when an initial pleading is not removable, but subsequently becomes removable, as is the case here:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. §1446(b)(3).

24. Plaintiff now admits that the claims in this case include claims for correction of inventorship. This transforms this case from one purporting to be about state contract and tort law to one asserting claims premised upon dispositive federal issues.

25. Plaintiff has admitted that a new, and now key element of its case is that Dr. Ebright should be a "named inventor" on the LEAPS patents, and that those patents should be deemed invalid "[d]ue to fraud on the patent office." Mirabel Dep. at 468-69. These are clear and unequivocal challenges to the inventorship and validity of the LEAPS patents.[2]

26. Inventorship as to the LEAPS patents is the key factual predicate for plaintiff's new claims because it will "change the valuation" of plaintiff's "patent rights" under the license agreements. Mirabel Dep. at 467. Yet, the only way for these patents to be "declared" part of Rutgers patent rights is for Rutgers to be "declared" an owner of these patents, which in turn can only occur if Dr. Ebright is "declared" an inventor of the patents. And only a federal court can make such a declaration of inventorship. *See HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*, 600 F.3d 1347, 1355 (Fed. Cir. 2010) ("[Patent] inventorship is indisputably a question of federal patent law."); 28 U.S.C. § 1338(a) (providing for exclusive federal jurisdiction over cases arising under the patent laws).

27. Thus, plaintiff's new claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Gunn,* 133 S. Ct. at 1065 (citing *Grable,* 545 U.S. at 314.). The court therefore has "arising under jurisdiction" over the inventorship and validity claims now directly asserted in this case . *See id.* at 1064.

---

[2] The LEAPS patents in question are all issued patents; thus an inventorship dispute under 35 U.S.C. § 256 is ripe.

28. Counsel's unequivocal statements on the record, recorded in the attached deposition transcript, and made fewer than 30 days ago, constitute an "other paper" from which it could "first be ascertained" that this case "has become removable." 28 U.S.C. § 1446(b)(3).

29. Prior to these issues being injected into the case, although the case involved complex issues of patent prosecution and patent law, there were no such grounds for removal. Counsel's statements have revealed for the first time the federal patent questions supporting removal described herein.

30. In response to these new claims under the Patent Act, defendants BioArray and Immucor have filed a motion for leave to file a counterclaim responding to the inventorship and validity challenge unequivocally asserted by Rutgers. The proposed counterclaims seeking a declaration of inventorship and validity further articulate how and why the claims asserted by Rutgers raise inventorship and validity issues under the Patent Act, *see* 35 U.S.C. § 256. A copy of BioArray and Immucor's proposed Counterclaim is attached as Exhibit K.

31. Removal is also proper under 28 U.S.C. § 1454(a) given defendants' motion for leave to file a counterclaim. This claim for declaratory relief became ripe only after plaintiff introduced its new federal claim as described above.

32. To the extent the Court determines it lacks jurisdiction over any particular claim, an exercise of this Court's supplemental jurisdiction is proper. All the claims asserted in this action "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

33. If the Court were to determine that this removal is not timely under 28 U.S.C. § 1446, the Court should extend the time to remove for cause shown based upon plaintiff's

confusing and shifting representations as to the true predicate for its claims. *See* 28 U.S.C. § 1454(b)(2).

C. **ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED**

34. All adverse parties to this action have been provided with written notice of the filing of this removal, *see* 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

35. Pursuant to 28 U.S.C. § 1446(b), defendants will cause to be filed with the Superior Court Law Division for Middlesex County, New Jersey, a copy of this Notice of Removal promptly after filing in this Court.

36. All defendants join in removing this action.

37. Defendants have prepared and are prepared to file a copy of the state court docket with the Clerk's Office.

WHEREFORE, defendants respectfully request that this action be removed from the Superior Court Law Division for Middlesex County, New Jersey, to the United States District Court for the District of New Jersey.

Respectfully submitted,

Dated: July 11, 2016

/s/ Lee H. Eckell
Lee H. Eckell
FOWLER HIRTZEL MCNULTY
  & SPAULDING, LLP
NJ Attorney Id: 025192000
10000 Midlantic Drive, Suite 402W
Mount Laurel, NJ 08054
(856) 242-2130
LEckell@fhmslaw.com

H. Joseph Hameline
(*pro hac vice application forthcoming*)
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P. C.

One Financial Center
Boston, MA  02111
(617)-542-6000
JHameline@mintz.com
*Attorneys for Defendants Immucor, Inc. and BioArray Solutions, Ltd.*

/s/ Donald R. Belsole
Donald R. Belsole – 234511966
BELSOLE & KURNOS
3 Prospect Street
Morristown, NJ 07960
(973)-539-1100
*Attorneys for Defendant Michael Seul*

## CERTIFICATE OF SERVICE

I certify that the above Notice of Removal and all associated papers were filed electronically using the CM/ECF system on July 11, 2016, and that on the same date copies were served were served on the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed:

Kyle Harvey, Esq.
Stadheim & Grear, Ltd.
Wrigley Building Tower
400 N. Michigan Avenue, Ste. 2200
Chicago, IL 60611

Alan S. Naar, Esq.
Greenbaum, Rowe, Smith & Davis LLP
P.O. Box 5600
Woodbridge, NJ 07095

/s/ Lee H. Eckell
Lee H. Eckell

52897070v.1